**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **PHILIP TRAUGOTT BUCKLER,**<br><br>***Plaintiff,***<br>**v.**<br><br>**PETE B. HEGSETH**, *in his official capacity as United States Secretary of Defense;* **UNITED STATES DEPARTMENT OF DEFENSE; DANIEL DRISCOLL,** *in his official capacity as United States Secretary of the Army;* **LTG MARY K. IZAGUIRRE,** *in her official capacity as Surgeon General of the Army; and* **LTG MICHELLE K. DONAHUE,** *in her official capacity as Deputy Chief of Staff, (G-4),*<br><br>***Defendants.*** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **EP-23-CV-00316-DCG** |

**ORDER**

U.S. Magistrate Judge Anne T. Berton has issued a Report and Recommendation ("R. & R.") advising the Court to grant Defendants' Motion to Dismiss (ECF No. 26).[1] The Court **ACCEPTS** the R. & R. as supplemented by the reasoning in this Order.[2]

## I. BACKGROUND

### A. The Complaint & Motion

Plaintiff Philip Buckler brought this action in March 2023, alleging that the Department of Defense's (DoD) COVID-19 mask mandate was unlawful.[3] As relief, he sought an order:

---

[1] R. & R., ECF No. 40, at 15.

[2] *See infra* Section II.

[3] Compl., ECF No. 1.

(1) declaring the mask mandate unlawful; (2) enjoining its enforcement; (3) enjoining involuntary separation proceedings against him based on his refusal to comply with the mandate; and (4) removing unfavorable DoD personnel records associated with his refusal to comply.[4]

However, the DoD has since rescinded its mask mandate, ended involuntary separation proceedings against Plaintiff, and removed his unfavorable personnel records.[5] Consequently, Defendants have moved to dismiss the Complaint as moot under Federal Rule of Civil Procedure 12(b)(1).[6] The Court referred that Motion to Judge Berton for an R. & R.[7]

**B. Judge Berton's R. & R.**

Judge Berton recommended granting the Motion to Dismiss.[8] Because Plaintiff has obtained all the relief he sought, she explained, there is no longer a live controversy for a federal court to decide.[9]

Plaintiff invokes two exceptions to the mootness doctrine, but Judge Berton determined that neither applies. First, she found that the voluntary cessation exception does not apply because there is a presumption that the government acts in good faith rather than engaging the kind of gamesmanship the exception is designed to prevent, and Plaintiff failed to rebut that

---

[4] *See* R. & R. at 2.

[5] *Id.*

[6] Mot. Dismiss, ECF No. 26. Mootness means the Court lacks subject matter jurisdiction, warranting dismissal under Rule 12(b)(1). *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000); *see also Walters v. Livingston*, 642 F. App'x 416, 418 (5th Cir. 2016) (affirming 12(b)(1) dismissal because case was moot); *Already, LLC v. Nike*, 568 U.S. 85, 91 (2013) ("A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." (citation modified)).

[7] Referral Order, ECF No. 39.

[8] R. & R. at 15.

[9] *Id.* at 3–8.

presumption.[10] Second, the exception for issues capable of repetition yet evading review does not apply because Plaintiff failed to prove a "demonstrated probability or a reasonable expectation" that the DoD would reinstate the masking policy and penalize him again.[11]

Plaintiff timely objected to the R. & R,[12] and Defendants filed a Response.[13] The Court has read and considered those filings.

## II. DISCUSSION

### A. Standard of Review

When a Magistrate Judge submits an R. & R. for the Court, the District Judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the [M]agistrate [J]udge."[14] That review is de novo where a party objects to the R. & R.,[15] as here.[16]

---

[10] *Id.* at 10–13.

[11] *Id.* at 13–14.

[12] Obj., ECF No. 41.

[13] Resp. Obj., ECF No. 42.

[14] 28 U.S.C. § 636(b)(1).

[15] *Id.*

[16] *See* Obj.

### B. The Case Is Moot

The Court agrees with the R. & R. that the case would ordinarily be moot because the challenged conduct has ended.[17] Plaintiff does not appear to dispute that conclusion, focusing instead on mootness exceptions.[18] Therefore, the case is moot unless an exception applies.

#### 1. Fifth Circuit Precedent Appears to Foreclose the Voluntary Cessation Exception

The voluntary cessation exception holds that a case is not necessarily moot—and the court retains jurisdiction—if the defendant voluntarily ceases the challenged conduct.[19] Were the rule otherwise, a defendant could defeat a lawsuit by temporarily ceasing its allegedly unlawful conduct and then resuming that conduct immediately after the case is dismissed.[20] The voluntary cessation exception is therefore "designed to counteract gamesmanship by the defendant."[21]

Normally, there is a "heavy burden" on "the party asserting mootness" to prove that it is "absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur."[22] However, the Fifth Circuit has imposed a different framework for government defendants. Instead, the government has a "lighter burden" when "proving that the challenged

---

[17] *See* R. & R. at 3–8.

[18] *See* Obj. at 2–11.

[19] *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC)*, 528 U.S. 167, 189 (2000).

[20] *See, e.g.*, *FBI v. Fikre*, 601 U.S. 234, 241 (2024) ("Were the rule more forgiving, a defendant might suspend its challenged conduct after being sued, win dismissal, and later pick up where it left off; it might even repeat this cycle as necessary until it achieves all of its allegedly unlawful ends. A live case or controversy cannot be so easily disguised, and a federal court's constitutional authority cannot be so readily manipulated." (citation modified)).

[21] *Calvary Albuquerque Inc. v. Rubio*, 154 F.4th 1246, 1249 (10th Cir. 2025) (citation modified).

[22] *Laidlaw*, 528 U.S. at 189 (quoting *United States v. Concentrated Phosphate Export Ass'n*, 393 U.S. 199, 203 (1968)).

conduct will not recur once the suit is dismissed as moot."[23] The Fifth Circuit "assume[s] that formally announced changes to official governmental policy are not mere litigation posturing" because the government gets a "presumption of good faith."[24]

The case law on this issue has been, at times, less than definitive. Although the Fifth Circuit nominally places the burden on government defendants to prove that the challenged conduct will not recur, it has sometimes required the plaintiff to present evidence suggesting that the challenged conduct *will* recur.[25] Perhaps for that reason, at least one panel expressly avoided deciding who bears the burden of proof because the outcome was the same regardless.[26] That's true here, too, so the Court will follow that lead: assuming the government bears the burden of proof, it has satisfied its "lighter burden" to prove the challenged conduct will not recur, for the reasons stated below.

But first, it is worth noting that two intervening Supreme Court cases may undermine the Fifth Circuit's prevailing rule that a governmental defendant asserting mootness bears a "lighter" burden than a private one. In *West Virginia v. EPA*, the EPA promulgated a rule which the

---

[23] *Stauffer v. Gearhart*, 741 F.3d 574, 582 (5th Cir. 2014) (quotation omitted).

[24] *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 325 (5th Cir. 2009).

[25] *See, e.g.*, *Boudreaux v. La. State Bar Ass'n*, 86 F.4th 620, 630 (5th Cir. 2023) ("[W]here the defendant is a government actor, the presumption flips."); *Stauffer*, 741 F.3d at 582 ("[Plaintiff] has not presented any evidence to suggest that the [government] is not following its own policy as written. As a result, the claim that [Plaintiff] or any other participant may again be subjected to [the challenged policy] is too speculative to avoid mooting the case." (citation modified)); *Amawi v. Paxton*, 956 F.3d 816, 821–22 (5th Cir. 2020) (applying the presumption of good faith to a government defendant and holding that the voluntary cessation exception did not apply where plaintiffs' evidence regarding likelihood of recurrence was not sufficiently persuasive, leaving "no evidence" suggesting that recurrence of the challenged conduct was likely).

[26] *See Freedom from Religion Found. v. Abbott*, 58 F.4th 824, 833–34 (5th Cir. 2023) ("The parties quarrel over who bears the burden of proof in the context of a governmental defendant. But it makes no difference in this instance whether the State must satisfy a 'lighter burden,' or if the [plaintiff] must show that the regulation will be put back in place." (citation omitted)).

plaintiffs challenged.[27] Then, EPA repealed the rule.[28] EPA argued the case was moot, but the Supreme Court held that the voluntary cessation exception applied.[29] The court neither afforded the government a lighter burden nor shifted the burden to the plaintiffs.[30] Instead, it used the traditional voluntary cessation rules that "the Government, not petitioners, bears the burden to establish that a once-live case has become moot"[31]—which is a "heavy"[32] burden to prove that "it is 'absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur.' "[33] Similarly, in *Fikre*, the Supreme Court explained that for the voluntary cessation exception to apply, the defendant carries a "formidable burden" to "prove no reasonable expectation remains that it will return to its old ways."[34] Importantly, the court went further than in *West Virginia*, counseling that the same rule "holds for governmental defendants no less than for private ones."[35]

Accordingly, it's an open question whether the good-faith presumption remains in force. At least two Fifth Circuit panels have pointed out—while reserving the question—the possibility that these two Supreme Court cases "implicitly overrule[d]" the Fifth Circuit's rules giving the

---

[27] 597 U.S. 697, 715 (2022).

[28] *Id.* For more nuance about the procedural posture, see *id.* at 717–19, but the gist is that EPA voluntarily rescinded the rule.

[29] *Id.* at 719–20.

[30] *Id.*

[31] *Id.* at 719.

[32] *Id.* (quoting *Laidlaw*, 528 U.S. at 189).

[33] *Id.* at 720 (quoting *Parents Involved in Cmty. Schs. v. Seattle Sch. Dist. No. 1*, 551 U.S. 701, 719 (2007)).

[34] 601 U.S. at 241 (citation modified).

[35] *Id.* (citing *West Virginia*, 597 U.S. at 719).

government a lighter burden or a presumption of good faith.[36] But the Fifth Circuit has not yet overruled those cases.[37] And this Court lacks the authority to do so.[38]

That leaves this Court bound to apply the cases which give the government a "lighter burden" to moot a case and presume that the government is not engaging in gamesmanship.[39] That is exactly the framework the R. & R. applied.[40]

One way that the government can fail to carry that burden is if "there is no controlling statement of future intention, the change in conduct is suspiciously timed, and the defendant continues to defend the challenged behavior."[41] The Court finds the R. & R.'s analysis of these three factors persuasive and agrees that they favor the government here.[42] Start with the first factor: a controlling statement of future intention. This prong appears to be getting at whether the

---

[36] *Netflix, Inc. v. Babin*, 88 F.4th 1080, 1089 n.12 (5th Cir. 2023) (citing *West Virginia*, 142 S. Ct. at 2607); *Students for Fair Admissions, Inc. v. Univ. of Tex. at Austin*, 142 F.4th 819, 826 & n.10 (5th Cir. 2025) (citing *Fikre*, 601 U.S. at 241).

The Court acknowledges that the Fifth Circuit has nevertheless applied the good-faith presumption after *Fikre* was decided. *See Ass'n of Am. Physicians & Surgeons Educ. Found. v. Am. Bd. of Internal Medicine*, 103 F.4th 383, 395–96 (5th Cir. 2024). But although the parties there submitted a Rule 28(j) letter notifying the panel of *Fikre*, *see* Rule 28(j) Letter at 1, *Ass'n Am. Physicians*, 103 F.4th 383 (5th Cir. 2024) (No. 23-40423), Dkt. No. 72, the opinion neither mentions nor analyzes *Fikre* and *West Virginia*. *See generally Ass'n Am. Physicians*, 103 F.4th 383. The case thus did not clearly hold that the Fifth Circuit's good-faith presumption survives *Fikre* and *West Virginia*. *See Gahagan v. USCIS*, 911 F.3d 298, 302 (5th Cir. 2018) ("An opinion restating a prior panel's ruling does not *sub silentio* hold that the prior ruling survived an uncited Supreme Court decision.").

[37] *See supra* note 36.

[38] *See In re Bonvillian Marine Service, Inc.*, 19 F.4th 787, 792 (5th Cir. 2021); *Texas v. United States*, 126 F.4th 392, 406–07 (5th Cir. 2025).

[39] *See supra* notes 23–24 and accompanying text.

[40] *See* R. & R. at 10.

[41] *Babin*, 88 F.4th at 1089–90 (citing *Speech First, Inc. v. Fenves*, 979 F.3d 319, 328 (5th Cir. 2020)).

[42] *See* R. & R. at 10–12.

government has *actually* changed its conduct or has merely expressed an intent to do so.[43] "[T]here is no requirement that a government actor renounce its prior conduct in order to moot a case."[44] Here, the government has actually changed its policy by rescinding the mask mandate, and it even promulgated a provision allowing the DoD to *restrict* voluntary masking.[45] And unlike in *Babin*, the government has not announced plans to continue the challenged conduct in the future.[46] Because the government has already changed its formal policy and has not suggested that it might reimpose the challenged masking policies, it has met its burden on the first factor.

Second, the government's cessation was not suspiciously timed. It makes sense that the masking policies changed as the pandemic abated.[47] Indeed, Plaintiff acknowledged that the DoD "modified the [masking] requirements according to changing circumstances" surrounding

---

[43] *See Freedom From Religion Found.*, 58 F.4th at 835 n.7 (distinguishing *Fenves* because there, "the president's representation that the University did not intend to reimplement the challenged policies, without more, was insufficient to moot the case. Here, by contrast, the [government] has finalized the repeal of the . . . Rule. . . . In these circumstances, no statement of future intention is necessary." (citation omitted)); *see also Schleske v. Austin*, No. 6:22-CV-049-H, 2023 WL 5986462, at *12 (N.D. Tex. Sep. 14, 2023) (finding that the Army's formal repeal of its vaccine mandate, as directed by statute, satisfied the first *Fenves* factor despite the government not making a sworn statement that it will never impose a similar mandate again).

[44] *Boudreaux*, 86 F.4th at 630.

[45] R. & R. at 11.

[46] *See Babin*, 88 F.4th at 1088–89 (prosecutor dropped original charges but announced imminent plans to serve new, similar indictments); R. & R. at 11–12 (noting that the government here has neither announced plans for future masking mandates nor tied future mandates to new CDC guidance if another pandemic arises).

[47] *See Sibley v. Dick*, No. CV-23-0024, 2025 WL 823958, at *5 (M.D. La. Mar. 13, 2025) ("[T]he rescission of the pandemic masking requirements in this case resulted from a fundamental change in public health conditions, that is, the end of the Federal COVID-19 Public Health Emergency Declaration."); End of the Federal COVID-19 Public Health Emergency (PHE) Declaration, Ctrs. For Disease Control & Prevention (May 11, 2023), https://perma.cc/7WRG-VEZC.

COVID-19.[48] The Court finds it implausible that the DoD rescinded the masking rules out of fear of losing in this litigation rather than because the pandemic abated. Moreover, the DoD decided to retain Plaintiff as an employee *before* this lawsuit was filed, so at least that portion of the ceased conduct cannot possibly be litigation posturing.[49]

Third, the government's briefing—which argues in passing that Plaintiff's constitutional challenges to the mask mandate lack merit—could constitute a continued defense of the challenged conduct.[50] But even if so, the government's failure on this third *Fenves* factor alone wouldn't prevent it from carrying its lighter burden to establish mootness. "Often a case will become moot even when a defendant vehemently insists on the propriety of the conduct that precipitated the lawsuit."[51] The Fifth Circuit has thus far only held that a case is not moot in cases where all three *Fenves* factors are satisfied.[52] That doesn't necessarily mean all three

---

[48] Obj. at 6.

[49] R. & R. at 10–11.

[50] *See* R. & R. at 12 (citing Def.'s Reply, ECF No. 28, at 2, 7).

[51] *SFFA*, 142 F.4th at 826 (quoting *Fikre*, 601 U.S. at 244) (citation modified).

[52] *See Fenves*, 979 F.3d at 329; *Babin*, 88 F.4th at 1090; *Speech First, Inc. v. McCall*, 138 F.4th 219, 223 (5th Cir. 2025).

factors are required,[53] but guidance from the Fifth Circuit[54] and the Supreme Court[55] suggests that a plaintiff cannot prevail by proving only the third factor—continued defense of the challenged policy.[56] Because the first two factors favor the government and the third cannot overcome them, *Fenves* does not prevent the government from carrying its lighter burden here.

---

[53] Plaintiff argues that the three *Fenves* factors are merely "*examples*" of what might defeat mootness, but they are not "*sine qua non* requirements." *See* Obj. at 4–5. There's some force to that argument: *Fenves*—which derived the three-factor test from a case called *Schlissel*—noted that "[e]ven if *Schlissel* required all three bases of its ruling to preclude mootness, all of them obtain here." 979 F.3d at 329 (citing *Speech First, Inc. v. Schlissel*, 939 F.3d 756, 770 (6th Cir. 2019)). The use of the words "even if" suggests the possibility that not all three factors are required. The Court is also not aware of any Fifth Circuit case expressly holding that all three factors are required to prevent mootness. And *Fenves* did not appear to suggest that those factors were the only way to do so. *See generally id.*

[54] *See SFFA*, 142 F.4th at 826; *Boudreaux*, 86 F.4th at 630 ("[T]here is no requirement that a government actor renounce its prior conduct in order to moot a case."); *see also supra* note 51 and accompanying text.

[55] *See Fikre*, 601 U.S. at 244 ("[O]ften a case will become moot even when a defendant vehemently insists on the propriety of the conduct that precipitated the lawsuit." (citation modified)).

[56] *See also Schleske*, 2023 WL 5986462, at *13 (case was moot where only the third *Fenves* factor was present).

The Court is aware of one nonbinding case claiming that each *Fenves* factor is "independently sufficient" to prevent the government from carrying its burden. *See Casper v. West*, No. 4:23-cv-42, 2025 WL 539945, at *5 (E.D. Tex. Feb. 18, 2025). That case asserted, without explanation, that *Fenves* itself concluded each factor was "independently sufficient to defeat the presumption of mootness." *Id.* But *Fenves* said no such thing. Although the *Fenves* court noted the possibility that a case could survive mootness if not all the factors were present, it did not hold as much, nor did it ever suggest that a *single* factor could be enough. *See Fenves*, 979 F.3d at 329. Indeed, the only authority *Fenves* cited on the subject concluded that a case was not moot where *two* of the factors were satisfied. *Id.* at 329 n.4. And *Schlissel*, the case from which *Fenves* derived the three factors, characterized this third factor as "not dispositive." 939 F.3d at 770. *Casper* cited no other authority nor offered any further explanation for why each factor is "independently sufficient," nor is the Court aware of any. Even Plaintiff characterizes the *Fenves* analysis as one that considers the "totality of the circumstances." *See* Obj. at 6. It would not make sense to ignore all the evidence suggesting that no litigation posturing occurred simply because the government may have defended the challenged conduct's legality despite its cessation. Finally, *Casper* itself did not rest on the "independently sufficient" claim at all since the court there found that the government failed on all three factors anyway. 2025 WL 539945, at *5–7.

Turning outside the *Fenves* framework, the government still prevails.[57] The government has offered sufficient explanations to carry its lighter burden to prove that the challenged conduct is unlikely to recur: namely, the pandemic is over.[58] Recurrence would require a precise confluence of a chain of unlikely events like another pandemic, a new mask mandate, and Plaintiff being similarly disciplined.[59] Simply put, everything suggests that the government's policy change was not designed to evade judicial review but was merely a nationwide policy response to the evolving nature of the pandemic. Under governing Fifth Circuit law, the voluntary cessation exception does not apply in these circumstances.[60]

**2. The "Capable of Repetition, Yet Evading Review" Exception Does Not Apply**

Plaintiff also invokes the mootness exception for issues that are "capable of repetition, yet evading review."[61] The Court agrees with Judge Berton that Plaintiff's argument fails because there is "'[n]either a demonstrated probability [n]or a reasonable expectation' that DoD will reimpose its mask mandate and penalize him for noncompliance."[62] The only way for the challenged conduct to repeat itself is if: (1) there is another pandemic; (2) it arises while Plaintiff is still on active duty with the military; (3) the DoD issues new masking policies that are similar enough to the old ones Plaintiff challenges; (4) Plaintiff seeks an accommodation; (5) the

---

[57] Recall that the Court finds persuasive Plaintiff's argument that the *Fenves* factors are not the only way to prove the government has not carried its burden. *See supra* note 53. So if other circumstances suggested that the government has not carried its burden to prove the challenged conduct will not resume, then the case could still not be moot despite Plaintiff's failure on the *Fenves* factors.

[58] *See supra* notes 47–48 and accompanying text.

[59] *See* Resp. Obj. at 7–8; *infra* notes 62–65 and accompanying text.

[60] The Court takes no position on whether the result would be the same if the more stringent framework from *West Virginia* and *Fikre* applied. *See supra* notes 27–35 and accompanying text.

[61] *See* Obj. at 10–11.

[62] R. & R. at 14 (quoting *Rhone v. City of Texas City*, 93 F.4th 762, 767 (5th Cir. 2024)).

accommodation is denied; *and* (6) Plaintiff is reprimanded for violating the policies in similar ways as he was here. That chain of events is too attenuated and speculative[63] to meet the high bar this exception requires.[64] For example, there may never be another global pandemic in Plaintiff's lifetime. Or the next pandemic may occur once Plaintiff no longer works for the DoD. As the Eleventh Circuit explained, "while we think a legal degree confers many advantages, we do not believe it equips us to accurately predict if or when another global respiratory pandemic will infect our shared world."[65]

## III. CONCLUSION

The Court therefore **ACCEPTS** Judge Berton's "Report and Recommendation" (ECF No. 40).

The Court **DISMISSES** the above-captioned case **WITHOUT PREJUDICE**.

The Court **DIRECTS** the Clerk of the Court to correct the docket to reflect that the originally named Defendants have been automatically substituted for the Defendants listed in this Order's caption.[66]

---

[63] *See* Resp. Obj. at 7–8; *cf. Smith v. General Motors Corp.*, 227 F.2d 210, 214 (5th Cir. 1955) (disapproving of a chain of speculation that was "dependent upon not one other inference but four or five").

[64] *See* R. & R. at 13.

[65] *Health Freedom Defense Fund v. President of the United States*, 71 F.4th 888, 893 (11th Cir. 2023). The court thus held that the capable of repetition yet evading review exception did not apply to a lawsuit challenging rescinded mask mandates. *Id.*

[66] *Compare* Compl., ECF No. 1, at 1, *with* FED. R. CIV. P. 25(d); *see also* Order, ECF No. 39, at 1 nn.1–4 (directing the Clerk to make this change). Although the Defendants' names have been changed on the docket, the case name incorrectly remains "Buckler v. Austin, III, et al."

The Court **CLOSES** the case.

**So ORDERED and SIGNED this 9th day of September 2026.**

**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**